FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 22, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN SMITH, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurer,<br><br>　　　　　　　Defendant. | No. 2:26-CV-00062-MKD<br><br>ORDER GRANTING PROPOSED PROTECTIVE ORDER<br><br>**ECF No. 17** |

The parties have submitted a Stipulated Motion for Protective Order to the Court.  ECF No. 17.  The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS HEREBY ORDERED**:

1.　The parties' Stipulated Motion for Protective Order, **ECF No. 17**, is **GRANTED**.

ORDER - 1

## PROTECTIVE ORDER

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff Steven Smith ("Plaintiff") and Defendant State Farm Fire and Casualty Company ("State Farm"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties agree that this Stipulated Protective Order is consistent with Fed. R. Civ. P. 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following categories of competitively sensitive, internal-use only, and/or trade secret documents and information (including electronically stored information), and tangible things if produced or otherwise exchanged in discovery:

(a)    Sensitive personal information, such as Social Security Numbers and

ORDER - 2

financial information;

(b)     Claims Handling and Training Materials: the confidential, proprietary, and/or trade secret portions of State Farm's Operation Guides, Standard Claim Processes, Jurisdictional References, and training materials incorporating such Operation Guides, Standard Claim Processes, and Jurisdictional References, to the extent they are produced in response to Plaintiff's Request for Production No. 2 and are applicable to the handling, investigation, evaluation, or adjustment of Plaintiff's claim, Claim Number 47-82C3-28M; and

(c)     Any other proprietary, confidential, competitively sensitive, internal-use only, non-public material of a sensitive or proprietary nature, reinsurance, or trade secret information of State Farm and its related entities, financial information, training materials, and contracts or agreements with third parties.

The Parties reserve the right to seek by stipulation or motion to enlarge this list as discovery proceeds in the event that any Party seeks additional information not included in the above description which is entitled to protections and is otherwise discoverable under Fed. R. Civ. P. 26 and the local rules.

3.     SCOPE

3.1     The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of

ORDER - 3

confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this Order do not cover information that is in the public domain through proper means or becomes part of the public domain through trial. Confidential material is not considered part of the public domain at trial or otherwise when Parties adhere to sections 4.2 and 4.3.  All such information retains its confidential protections if use was pursuant to a Protective Order, Confidentiality Agreement, Order of a Court, governmental subpoena, regulatory compliance activity, or inadvertent disclosure that was subsequently remedied.

3.2    Specific to insurance-related litigation, an insured is obligated by contract to cooperate with its insurer to provide privacy information, e.g., DOBs, SSNs, driver license numbers, and names of minors for an insurer to evaluate the claim, while the insurer might disclose portions of personnel files of claim handlers, competitive business information, and financial accounting information. Given this uniqueness of insurance litigation, the parties will cooperate in good faith when filing a motion seeking leave of the Court, pursuant to Fed. R. Civ. P.

ORDER - 4

26(c) and 37(a)(1), LCivR 5, LCivR 5.2, LCivR 7,[1] and any applicable General Orders or filing procedures governing sealed or non-public documents, including General Order 2025-13, or other court rules to keep confidential and not considered part of the public domain limited information, parts of materials, and/or testimony  introduced in court records or admitted at trial, when designated in good faith as confidential pursuant to an insurance requirement, Protective Order, Confidentiality Agreement, Order of a Court, governmental subpoena, regulatory compliance activity, or inadvertent disclosure that was subsequently remedied.

3.3    Nothing in this Order shall be construed to prohibit, restrict, or require State Farm to obtain an authorization for the retention, use, or disclosure of nonpublic confidential information and records as authorized or as reasonably required by: State Farm's Information Retention Schedules; federal or state law or regulation; court order; rule, including, but not limited to, Medicare authorities; reporting to a third-party such as to LexisNexis C.L.U.E. (Comprehensive Loss Underwriting Exchange) for Auto & Property Reports or to ISO (Insurance Services Office) for analysis of records in anti-fraud efforts (using non-fraudulent

---

[1] The Court notes that this reference is to the Western District of Washington's local rules.  The Eastern District of Washington does not have local rules regarding protective orders.

ORDER - 5

data to benchmark); in reporting for rate-making or otherwise; and in paperless Claim File through its Enterprise Claims Systems for permissible insurance functions.  Nothing in this order shall prevent State Farm from retaining all documents necessary for regulatory compliance activities, nor from producing any documents necessary for regulatory compliance activities.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles.  A receiving Party may use confidential material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order.  Confidential material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2    Disclosure of "CONFIDENTIAL" Material.  Unless otherwise ordered by the Court or permitted in writing by the designating Party, a receiving Party may disclose any confidential material only to:

(a)    the receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in-house

ORDER - 6

counsel) of the receiving Party to whom disclosure is reasonably necessary for this litigation, unless the Parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  The Parties agree to provide signed Acknowledgments from each expert with any expert disclosures or at the time of testimony at deposition or trial, as applicable;

(d)    the Court, including court personnel and staff, court reporters and staff, as well as mediators, arbitrators, jury consultants, or factfinder(s) while in trial;

(e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the Party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the Court.  Pages of

ORDER - 7

transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    Filing Confidential Material.  Before filing confidential material or discussing such material in court filings, the parties shall comply with the Federal Rules of Civil Procedure, the Eastern District of Washington Local Civil Rules, and any applicable General Orders or filing procedures governing sealed or nonpublic documents.  The Parties shall meet and confer in good faith before seeking to file material under seal to determine whether the confidential designation may be removed, whether the filing may be made with appropriate redactions, or whether a request to file sealed or non-public material is necessary. Nothing in this Order shall be construed as authorizing the filing of any document under seal; any Party seeking to file material under seal or otherwise non-publicly must make the appropriate request and satisfy the applicable legal standards and filing procedures then in effect.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

ORDER - 8

Each Party or non-party that designates materials for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the designating party to sanctions.

If it comes to a designating Party's attention that materials that it designated for protection does not qualify for protection, the designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, sections 5.2(b) and 5.3 below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic

ORDER - 9

documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating Party must affix the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the Parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any Party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential from the taking of the deposition until thirty (30) days after receipt of the transcript.  If a Party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing Party must affix in a

ORDER - 10

prominent place on the exterior of the container or containers in which the item is stored the word "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER."  If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified material as confidential shall not be deemed a waiver, in whole or in part, of any Party's claim of protection pursuant to this Order.  Any such inadvertently or unintentionally disclosed information shall be designated as confidential as soon as reasonably practicable after a receiving Party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons under the terms of this Order.  Upon receipt of the properly designated documents, any receiving Party must return or destroy the non-designated set within three (3) days of being informed of the inadvertent disclosure. If the receiving Party destroys the documents, then the receiving Party must provide written certification of the destruction to the designating party within three (3) days of receipt of the properly designated documents.  Upon timely correction of an inadvertent failure to designate, receiving Parties must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

5.4     Confidential material at trial. Nothing in this Order shall be construed

ORDER - 11

to affect the use of any document, material, or information at any trial or hearing. In the event confidential material (documents or testimony) is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use, but it will not be kept out of the public record in this action except by court order issued upon motion of the Party seeking to file the documents under seal.  A Party that intends to present confidential material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the confidential material.  The Party designating the confidential material may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such information at the trial.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of

ORDER - 12

the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality under LCivR 7, and in accordance with any applicable procedures governing sealed or non-public filings.  The burden of persuasion in any such motion shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions.  All Parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

ORDER - 13

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any material designated in this action as "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER," that Party must:

(a)    promptly notify the designating Party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1    If a receiving Party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

ORDER - 14

request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.   Further, the disclosing Party shall send written notice to the designating Party's counsel providing:

(a) The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

(b) The date of the disclosure.

(c) A copy of the notice and demand sent to the entity or individual that inadvertently received the information.

8.2   Unauthorized disclosure may expose that Party to sanctions by this court to the extent allowed by law.

9.   PRODUCTION OF PRIVILEGED MATERIAL, OTHERWISE PROTECTED  MATERIAL AND/OR NON-RESPONSIVE MATERIAL

9.1   When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502(d), and Rule of Professional Conduct 4.4(b).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.  This Order shall be

ORDER - 15

interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502(d), and Rule of Professional Conduct 4.4(b).

9.2    When a producing Party gives notice to receiving Parties of an inadvertent or mistaken production of non-responsive material that contains trade secret or other confidential business information, the receiving Parties shall return or destroy these materials upon written request by the producing Party.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Civ. P. 26 and Rule of Professional Conduct 4.4(b).

9.3    The inadvertent or mistaken production of any confidential material which does not contain a designation of "Confidential" may be corrected as set forth in 5.3, and does not estop a designation of "Confidential" at a later date, provided that such subsequent designation is made prior to final and appealable judgment in this case.

10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

10.1    Within 60 days after the termination of this action, including all appeals, each receiving Party must shred (if paper) or delete (if electronic) all confidential materials, as well as all copies, extracts, notes, reports, memoranda, summaries, or other documents containing such confidential information. Alternatively, the Parties may agree upon appropriate methods of destruction.

ORDER - 16

10.2   Notwithstanding this provision, counsel may retain one archival copy of: all documents filed with the Court; trial, deposition, and hearing transcripts; deposition and trial exhibits; expert reports; and attorney work product.  Any such documents that contain confidential material shall remain subject to all requirements of this Order for a period of seven (7) years after the termination of this action, including all appeals.  Counsel's one archival copy is for the sole and exclusive purpose of complying with any Rule of Professional Conduct and ethical obligations owed to their respective clients.  After the expiration of the seven (7) year period provided herein, all documents that contain confidential material must be shredded (if paper) or deleted (if electronic).

10.3   The confidentiality obligations imposed by this Order shall remain in effect until a designating Party agrees otherwise in writing or a court orders otherwise.  The obligations of this Order shall survive the termination of this action and continue to bind the Parties, their counsel, and experts and consultants receiving confidential information under 4.2.  The Court will have continuing jurisdiction to enforce this Order irrespective of the manner in which this action is terminated.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of documents, ESI, or information, whether inadvertent or otherwise, in this proceeding shall not constitute a waiver of any privilege or protection in this or

ORDER - 17

any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this order and provide copies to the parties.

DATED June 22, 2026.

s/Mary K. Dimke
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 18

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of Washington on June 22, 2026, in the case of *Steven Smith v.*

*State Farm Fire and Casualty Company*, Case No. 2:26-cv-00062-MKD.  I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order,

including the term that within 60 days after the termination of this action, including

all appeals, I shall provide written confirmation to counsel of record for Plaintiff

that documents and transcripts of testimony that have been designated by State

Farm as Confidential or as disclosing the contents of Confidential documents have

been shredded (if paper) or deleted (if electronic), including the shredding and

deletion of all copies, extracts, notes, reports, memoranda, summaries thereof, or

other documents containing such confidential information.

I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

ORDER - 19

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

SIGNATURE _____

PRINTED NAME _____

CITY AND STATE WHERE SWORN/SIGNED _____

ORDER - 20